UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARQUEZE JAMAL MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-00123-JRG-CRW |
| | ) | |
| OFFICER LAWSON and OFFICER ADAMS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate in the Sullivan County Detention Center, filed a pro se complaint for violation of § 1983 arising out of an incident during his confinement [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] before screening the complaint [Doc. 1].

I.     **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] that Plaintiff cannot pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility, to ensure payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Background

To provide relevant background for the factual allegations of Plaintiff's complaint, the Court first takes judicial notice that on June 24, 2024, Plaintiff filed a § 1983 complaint alleging that Officer Chase Neeley used excessive force against him on June 22, 2024. *Mason v. Neeley*,

2

3:23-CV-298 (E.D. Tenn.) [Doc. 1]. In his complaint in this case, Plaintiff alleges that three days after he filed the complaint against Officer Neeley, specifically on June 27, 2024, Defendants Officer Lawson and Officer Adams entered his cell and served him with a write up [Doc. 1 at 3–4]. According to Plaintiff, service of this write up was not proper, as the incident at issue in the write up had occurred a week before he was served with it, and Plaintiff therefore told Defendant Lawson that he had been required to serve Plaintiff with the write up within forty-eight hours [*Id.* at 4]. Plaintiff further notes that the incident underlying the write up occurred on a shift that "[Defendant Officer] Lawson is not on" and after Plaintiff had filed his § 1983 complaint against Officer Neeley [*Id.*]. Plaintiff therefore states that he "feel[s] like it[']s some type of retaliation" and that Defendant Officer Lawson is trying to use the write up against him because no officer on Defendant Officer Lawson's shift had come to Plaintiff or said anything about a write up until then [*Id.*].

Plaintiff has sued Defendants Officer Lawson and Officer Adams and requests that the Court fire Defendant Officer Lawson, as well as compensation for pain and suffering [*Id.* at 5].

**C. Analysis**

Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

First, to the extent that Plaintiff seeks to assert a § 1983 claim arising out of his allegation that Defendants' service of the write up was untimely under the jail's policy, this allegation fails to state a claim upon which relief may be granted. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 322 (6th Cir. 2023) ("Alone, the failure to follow an internal policy does not give rise to a deliberate indifference claim." (citing *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 578 (6th Cir. 2020))).

Also, to the extent that Plaintiff's complaint can be construed to allege that the write up at issue in his complaint lacks merit, this allegation also does not rise to the level of a constitutional

3

violation. *McDougald v. Eaches*, No. 1:16-CV-900, 2016 WL 7015834, at \*3 (S.D. Ohio Sept. 16, 2016) (citations omitted) (providing that "erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute the deprivation of a constitutional right").

Lastly, Plaintiff's retaliation claim likewise fails to state a claim upon which relief may be granted under §1983. A retaliation claim requires a plaintiff to show three things: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). However, "the temporal proximity between the [plaintiff's] protected conduct and the official's adverse action" may be sufficient to "create an inference of retaliatory motive." *Hill*, 630 F.3d at 475–76 (citations omitted).

Plaintiff provides no facts from which the Court can plausibly infer that Defendants' act of serving him with the write up amounted to retaliation in violation of his constitutional rights. As set forth above, Plaintiff alleges that Defendants Officer Lawson and Officer Adams served him with the write up three days after he filed his lawsuit against Officer Neeley. But Plaintiff does not provide any facts from which the Court can plausibly infer that either Defendant was responsible for the content of the write up, or the date on which they served the write up. Nor does Plaintiff allege or set forth any facts indicating that either Defendant knew of his prior lawsuit.

4

Accordingly, the Court cannot plausibly infer that any Defendant violated Plaintiff's constitutional rights based on the allegations of the complaint, and this action will be **DISMISSED without prejudice**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE